## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES J. SIMMONS and <br> KEISHA S. SIMMONS <br><br> Plaintiffs, <br><br> v. <br><br> FAY SERVICING, LLC, <br> KML LAW GROUP, P.C., and <br> WILMINGTON SAVINGS FUND <br> SOCIETY, FSB, NOT IN ITS <br> INDIVIDUAL CAPACITY, BUT <br> SOLELY AS TRUSTEE OF NYMT <br> LOAN TRUST I, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No. <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

AND NOW come Plaintiffs, James J. Simmons and Keisha S. Simmons, by and through their attorneys, and hereby set forth the following allegations in support of their Complaint:

### JURISDICTION and VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. §1331 and pursuant to 15 U.S.C. §1692k(d), and pursuant to 28 U.S.C. §1367 for pendent state law claims.

2. This action arises out of Defendants' violations of a number of federal consumer protection laws including, but not limited to, the Truth in

Lending Act, 15 U.S.C. §1640(a) ("TILA"), and the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et. seq. ("FDCPA").

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiffs reside here, and Defendants transact business here.

## PARTIES

4. Plaintiff James J. Simmons is a natural person who resides in the Township of Middle Smithfield, County of Monroe, state of Pennsylvania.

5. Plaintiff Keisha S. Simmons is a natural person who resides in the Township of Middle Smithfield, County of Monroe, state of Pennsylvania.

6. Plaintiffs James J. Simmons and Keisha S. Simmons are married.

7. Plaintiffs were borrowers of a home loan covered by 15 U.S.C. §1639g and have standing to bring this claim under 15 U.S.C. §1640.

8. Plaintiffs are consumers as that term is defined by 15 U.S.C. §1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. §§1692k(a).

9. Wilmington Savings Fund Society ("WSFS") is a Delaware Corporation with a principal place of business of 425 S. Financial Place, Suite 2000, Chicago, IL  60605.

10. WSFS serves as trustee for NYMT Loan Trust I, the mortgagee/creditor for Plaintiffs' home loan.

11. As trustee, WSFS is the proper Defendant for violations of NYMT Loan Trust I as a mortgagee/creditor.

12. Defendant Fay Servicing, LLC is a Delaware Limited Liability Company with a principal place of business of 440 S. La Salle St., Ste. 2000, Chicago, IL 60605.

13. Defendant Fay Servicing, LLC is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

14. Defendant KML Law Group, P.C. is a Pennsylvania Corporation with a principal place of business of 701 Market Street, Suite 5000, Philadelphia PA 19106.

15. Defendant KML Law Group, P.C. is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

## FACTUAL ALLEGATIONS

16. On or about April 28, 2006, Plaintiffs signed a promissory note with Bank of America, N.A. along with an accompanying mortgage (the "Mortgage") for the purchase of property known at the time as 33 Fairway Drive, Marshalls Creek, PA 18335.

17. The property formally known as 33 Fairway Drive, Marshalls Creek PA 18335 is now known as 389 Rolling Hills Drive, East Stroudsburg, PA 18302 as a result of emergency service readdressing.

18. In April 2017, Plaintiffs defaulted on this Mortgage.

19. On August 1, 2019, Bank of America, N.A. assigned the Mortgage to NYMT Loan Trust I.

20. WSFS serves as the trustee for the mortgagee, NYMT Loan Trust I.

21. WSFS entered into a mortgage servicing agreement with Fay Servicing, LLC.

22. The Mortgage was in default at the time Fay Servicing, LLC began servicing the mortgage.

23. Thus, Fay Servicing, LLC is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

24. At all relevant times, Fay Servicing, LLC was an agent of WSFS.

25. In an effort to resolve the defaulted Mortgage, Plaintiffs decided to refinance the loan with NE PA Federal Credit Union.

26. Plaintiffs engaged Gateway Abstract, Inc. to perform the title work and settlement relative to this refinance.

27. On June 7, 2021, Gateway Abstract, Inc. and/or its agents requested a payoff statement for the Mortgage from Fay Servicing, LLC.

28. On June 15, 2021, Fay Servicing, LLC faxed a payoff statement to Gateway Abstract, Inc., which provided a payoff balance of $115,278.79 which figure was good through June 30, 2021.

29. On June 30, 2021, Plaintiffs closed on the refinance.

30. Consistent with the payoff statement, on June 30, 2021, Gateway Abstract, Inc. wired the payoff balance of $115,278.79 to Fay Servicing, LLC.

31. On or about July 2, 2021, an agent of Fay Servicing, LLC contacted Marykathryn "Kate" Best ("Kate") of ARM Lawyers regarding the wire.

32. The Fay Servicing agent indicated that the wire was insufficient to cover the payoff balance and that if it was not corrected, the wire would be rejected.

33. Kate informed the agent that ARM Lawyers did not handle the settlement and that any issues should be directed to Gateway Abstract, Inc.; however, Kate specifically requested something in writing regarding the issue.

34. The Fay Servicing agent informed Kate that a letter would be faxed to ARM Lawyers that day.

35. No fax was ever received from the agent or Fay Servicing, LLC regarding this issue.

36. Upon receipt of this phone call, Kate contacted Cherise Decker ("Decker") of Gateway Abstract, Inc. to inform her of the potential issue.

37. Decker reviewed the payoff statement and wire.

38. As a result of this review, Decker concluded she did, in fact, wire the exact amount listed on the payoff statement.

39. On or about July 30, 2021, Decker received notification that the wire had been rejected.

40. On or about July 30, 2021, Attorney Patrick J. Best ("Attorney Best") sent a letter to Fay Servicing, LLC enclosing a check for the payoff amount of $115,278.79 and explaining the ongoing issues Plaintiffs were having with the payoff statement.

41. On or about August 3, 2021, an agent of Fay Servicing, LLC contacted ARM Lawyers to discuss the July 30, 2021, letter from Attorney Best.

42. Kate returned the phone call to discuss the situation.

43. Kate explained the situation as stated hereinabove including the fact that Gateway Abstract, Inc. wired the funds requested in the June 15, 2021, payoff letter.

44. The agent stated that while Fay Servicing, LLC received the check, it was not sufficient to satisfy the loan because the payoff statement was only good until June 30, 2021, and Fay Servicing, LLC did not receive the check until August 3, 2021.

45. Kate informed the agent that Plaintiffs closed on the refinance on June 30, 2021, and sent the payoff at that time via wire transfer.

46. The agent told Kate that the check was the first time that Fay Servicing, LLC had received any funds.

47. Kate informed the agent that the agent was incorrect and recapped the facts as described hereinabove.

48. The agent told Kate that he would look into the situation and that he "didn't want to fight [Plaintiffs] on this but would if [he] had to."

49. On or about August 4, 2021, Fay Servicing, LLC, by and through its attorney, Stephanie A. Walczak of KML Law Group, P.C., filed a Complaint in Foreclosure in the Monroe County Court of Common Pleas.

50. In this Complaint, Fay Servicing, LLC and KML Law Group, P.C. assert a "Recoverable Balance" of $115,195.50.

51. This amount was less than the payoff balance requested in Fay Servicing LLC's correspondence of June 15, 2021.

52. The Mortgage Foreclosure Complaint failed to acknowledge the wire transfer sent on June 30, 2021, or the check sent on July 30, 2021.

53. Fay Servicing, LLC, acknowledged the receipt of the check prior to the filing of the Complaint.

54. Priscilla Serrato of Fay Servicing, LLC verified the Complaint on July 22, 2021.

55. Fay Servicing, LLC and KML Law Group, P.C. filed this Complaint on August 4, 2021, using a verification which was approximately two weeks old.

56. The facts pled in the Complaint were false as Plaintiffs paid the balance due on June 30, 2021.

57. However, setting aside the funds wired on June 30, 2021, the facts of the Complaint were false in that Fay Servicing, LLC received the check at some time on or before August 3, 2021.

58. At the time Fay Servicing, LLC and KML Law Group, P.C. filed this Complaint, both parties knew or had reason to know that the allegations contained therein were false.

59. Thereafter, Fay Servicing, LLC and KML Law Group, P.C. served this Complaint on Plaintiffs through the Monroe County Sheriff's Office.

60. Thus, Plaintiffs endured the emotional distress of being served a Complaint in Foreclosure by a uniformed sheriff over one month after closing on their refinance and after paying the Mortgage in full on two (2) separate occasions.

61. On August 6, 2021, Caitlin M. Donnelly, Esq., Managing Attorney for Foreclosure and Evictions of Defendant KML Law Group, P.C. ("Donnelly") called Attorney Best to discuss the matter.

62. Attorney Best informed Donnelly of the facts set forth hereinabove.

63. Donnelly indicated that she would look into the matter.

64. On August 7, 2021, another agent from Fay Servicing, LLC called ARM Lawyers and spoke with Kate.

65. This agent informed Kate that after reviewing the matter, Fay Servicing, LLC had elected to satisfy the Mortgage.

66. Neither Fay Servicing, LLC nor KML Law Group, P.C. withdrew the Complaint until August 20, 2021.

67. The Satisfaction of Mortgage was completed on September 16, 2021; and recorded on September 22, 2021, by the Recorder of Deeds.

68. Plaintiffs received numerous phone calls from NE PA Federal Credit Union regarding the unsatisfied mortgage.

69. The foregoing acts and omissions of Defendants and their agents constitute numerous and multiple violations of TILA, FDCPA and other consumer protection statutes.

70. As a result of Defendants' violations of these consumer protection statutes, Plaintiffs have suffered actual damages in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

## COUNT I
## VIOLATIONS OF THE TRUTH IN LENDING ACT
## 15 U.S.C. §1639g
## (vs. Wilmington Savings Fund Society and Fay Servicing, LLC)

71. Plaintiffs hereby incorporate paragraphs 1 through 70 above as if the same were set forth more fully at length herein.

72. Pursuant to 15 U.S.C. §1639g, a creditor or servicer of a home loan shall send an accurate payoff balance within a reasonable time, but in no case more than 7 business days, after the receipt of a written request for such balance from or on behalf of the borrower.

73. Plaintiffs' Mortgage was a "home loan" as contemplated by 15 U.S.C. §1639g.

74. WSFS is the trustee for NYMT Loan Trust I, the mortgagee of this home loan and "creditor" for the loan as defined by 15 U.S.C. §1602(f).

75. Fay Servicing, LLC is the servicer of this home loan.

76. Both WSFS and Fay Servicing, LLC were obligated to provide an accurate payoff balance within 7 business days after receipt of the request for payoff from Gateway Abstract, Inc.

77. WSFS and Fay Servicing, LLC violated 15 U.S.C. §1639g in that the payoff statement provided on June 15, 2021, was allegedly inaccurate.

78. WSFS and Fay Servicing, LLC violated 15 U.S.C. §1639g in that according to WSFS and Fay Servicing, LLC, no accurate payoff statement was ever provided – let alone provided within 7 business days.

79. 15 U.S.C. §1640 provides for civil liability for violations of 15 U.S.C. §1639g.

80. The failure to provide an accurate payoff statement has caused significant damage to Plaintiffs in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions.

**WHEREFORE**, Plaintiffs pray that judgment be entered against Defendant WSFS and Defendant Fay Servicing, LLC:

- for an award of actual damages pursuant to 15 U.S.C. § 1640(a)(1);
- for an award of statutory damages of $4,000.00 pursuant to 15 U.S.C. § 1640(a)(2)(A)(i);
- for such other and further relief as may be just and proper.

### COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692 et seq.
### (vs. Fay Servicing, LLC and KML Law Group, P.C.)

81. Plaintiffs hereby incorporate paragraphs 1 through 80 above as if the same were set forth more fully at length herein.

82. 15 U.S.C. §1692d prohibits a debt collector from engaging "in any

conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

83. Defendants' conduct violated Section 1692d in several ways:

   a. by refusing to accept Plaintiffs' payoff of the Mortgage;

   b. by proceeding with foreclosure proceedings despite Plaintiffs' payment of the loan on two (2) separate occasions;

   c. by demanding $115,195.50 be paid despite having received a wire transfer and check for $115,278.79 prior to filing the Mortgage Foreclosure Complaint; and,

   d. by refusing to satisfy the Mortgage until September 16, 2021.

84. 15 U.S.C. §1692e(2) prohibits making false representations about a debt.

85. Defendants violated Section 1692e(2) in a number of ways:

   a. by representing that they were entitled to $115,195.50 despite having received a wire transfer and check for $115,278.79 prior to filing the Mortgage Foreclosure Complaint;

   b. by stating that Fay Servicing, LLC never received a payoff when Fay Servicing, LLC rejected the payoff.

86. 15 U.S.C. §1692e(8) prohibits communicating false information about a debt.

87. Defendants violated Section 1692e(8) by repeatedly communicating to Plaintiffs they owed a debt to Defendants even though Plaintiffs paid the debt in full on two (2) separate occasions.

88. 15 U.S.C. §1692e(10) prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

89. Defendant violated Section 1692e(10) by making false and deceptive communications demanding payment for the debt in order to deceive Plaintiffs into paying a debt which had already been paid.

90. 15 U.S.C. §§1692f and 1692f(1) prohibit unfair and unconscionable practices by a debt collector to collect a debt, including "the collection of any amount... unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

91. Defendants violated Sections 1692f and 1692f(1) in several ways:
    a. by providing Plaintiff a payoff statement only to reject the payoff;
    b. by asking for additional monies after Plaintiffs paid the payoff amount;
    c. by refusing to satisfy the Mortgage until September 16, 2021, after payment;
    d. by rejecting the payoff only to pursue foreclosure proceedings;
    e. by initiating foreclosure proceedings after receiving payment on two

   (2) separate occasions;

 f. by serving the Mortgage Foreclosure Complaint through the sheriff's office after receiving payment on two (2) separate occasions.

92. The foregoing acts and omissions of Defendants and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §1692 et seq., with respect to Plaintiffs.

93. As a result of Defendants' violations of the FDCPA, Plaintiffs have suffered actual damages as a result of these illegal collection communications by Defendants in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

94. As a result of each and every Defendants' violations of the FDCPA, Plaintiffs are entitled to actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. §1692k(a)(3), from Defendants Fay Servicing, LLC and KML Law Group, P.C.

 **WHEREFORE**, Plaintiffs pray that judgment be entered against

Defendant Fay Servicing, LLC and KML Law Group P.C.:

- for an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1);

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3); and

- for such other and further relief as may be just and proper.

### COUNT III
### BREACH OF CONTRACT
### (vs. Wilmington Savings Fund Society and Fay Servicing, LLC)

95. Plaintiffs hereby incorporate paragraphs 1 through 94 above as if the same were set forth more fully at length herein.

96. Plaintiffs' Mortgage is a contract with WSFS.

97. Fay Servicing, LLC acted as an agent of WSFS for the purposes of servicing the Mortgage.

98. Plaintiffs' Mortgage has a covenant of good faith and fair dealing.

99. Defendants' unfair, unreasonable, unconscionable, and deceptive conduct violates the covenant of good faith and fair dealing.

100. Additionally, the Mortgage provides that Defendants will satisfy the Mortgage upon payment.

101. The Mortgage was not satisfied until September 16, 2021.

102. Thus, Defendants have breached their contract with Plaintiffs.

103. Plaintiffs are entitled to damages for this breach.

**WHEREFORE**, Plaintiffs pray that judgment be entered against Defendants WSFS and Fay Servicing, LLC for resultant damages.

### COUNT IV
### SLANDER OF TITLE
### (vs. All Defendants)

104. Plaintiffs hereby incorporate paragraphs 1 through 103 above as if the same were set forth more fully at length herein.

105. Despite the Mortgage being paid in full, Defendants, did not satisfy the Mortgage until September 16, 2021.

106. Plaintiffs' title was clouded as a result of the untimely satisfaction of the Mortgage.

107. Plaintiffs continue to receive phone calls from their current mortgagee, NE PA Federal Credit Union due to status of the Mortgage.

108. The Complaint in Foreclosure filed by Defendants is a public record.

109. The filing of this Mortgage Foreclosure Complaint when the Mortgage was paid in full may lead the public to believe that Plaintiffs were in active Foreclosure proceedings.

110. As a result of Defendants' slander of title, Plaintiff has suffered actual damages in the form of anger, anxiety, emotional distress, fear,

frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

**WHEREFORE**, Plaintiffs pray that judgment be entered against all Defendants for resultant damages.

## COUNT V
### WRONGFUL USE OF CIVIL PROCEEDINGS
### 42 Pa.C.S. § 8351 (DRAGONETTI ACT)
### (vs. All Defendants)

111. Plaintiffs hereby incorporate paragraphs 1 through 110 above as if the same were set forth more fully at length herein.

112. 42 Pa.C.S. §8351 (the "Dragonetti Act") provides that a person who takes part in the procurement, initiation or continuation of civil proceedings against another is subject to liability to the other for wrongful use of civil proceedings where:

   a. The Defendant acts in a grossly negligent manner or without probable cause and primarily for a purpose other than that of securing the proper discovery, joinder of parties or adjudication of the claim in which the proceedings are based; and

   b. The proceedings have terminated in favor of the person against whom they are brought.

113. Fay Servicing, LLC directed KML Law Group, P.C. to file a Complaint

in Foreclosure despite having been paid in full on two (2) separate occasions for the underlying Mortgage.

114. Fay Servicing, LLC acted as agent of WSFS.

115. WSFS is liable through *Respondeat Superior*.

116. Fay Servicing, LLC was aware that it was paid in full prior to filing the Mortgage Foreclosure Complaint.

117. KML Law Group, P.C. unreasonably filed a Mortgage Foreclosure Complaint on August 4, 2021, based upon a verification signed July 22, 2021.

118. KML Law Group, P.C. unreasonably failed to determine whether the attendant facts in the Mortgage Foreclosure Complaint were still accurate at the time the Mortgage Foreclosure Complaint was filed.

119. Thus, Defendants acted in a grossly negligent manner.

120. As the Mortgage had already been paid by the time the Mortgage Foreclosure Complaint was filed, the Mortgage Foreclosure Complaint could not have been filed for proper adjudication of the claim.

121. The proceedings terminated in favor of Plaintiffs as Defendants withdrew the Mortgage Foreclosure Complaint.

**WHEREFORE**, Plaintiffs pray that judgment be entered against all Defendants:

a. for the harm to their reputation; 42 Pa.C.S. §8353(2);

b. for the expense, including any reasonable attorney fees, that they have reasonably incurred in defending themselves against the proceedings; 42 Pa.C.S. §8353(3);

c. for the emotional distress caused by the proceedings; 42 Pa.C.S. §8353(5); and,

d. Punitive damages according to law in appropriate cases; 42 Pa.C.S. §8353(6).

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury on all issues triable by right.

Respectfully submitted,

/s/ Joshua B. Goldberg, Esquire
Joshua B. Goldberg
18 N. 8th St.
Stroudsburg PA 18360
570-424-6899
Fax: 484-544-8625