# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES J. SIMMONS and<br>KEISHA S. SIMMONS,<br><br>    Plaintiffs,<br><br>v.<br><br>FAY SERVICING, LLC, KML LAW GROUP, P.C., and WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE OF NYMT LOAN TRUST I,<br><br>    Defendants. | Case No. 3:21-cv-01742-MEM |

## ANSWER AND AFFIRMATIVE DEFENSES OF FAY SERVICING, LLC AND WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE OF NYMT LOAN TRUST I

Fay Servicing, LLC ("Fay") and Wilmington Savings Fund Society, FSB, not in its individual capacity, but solely as trustee of NYMT Loan Trust I ("WSFS") (collectively, "Defendants") state as follows for their Answer and Affirmative Defenses to the Complaint of Plaintiffs James J. Simmons and Keisha S. Simmons ("Plaintiffs"). The headings in Plaintiffs' Complaint are incorporated below for ease of reference only and without any admission. Any allegations set forth in Plaintiffs' Complaint that are not specifically admitted herein are hereby denied.

## JURISDICTION and VENUE

1. Admitted. The Defendants admit that this Court has jurisdiction but deny any allegations of wrongdoing inferred by this paragraph.

2. Admitted. The Defendants admit that this Court has jurisdiction but deny any allegations of wrongdoing inferred by this paragraph.

3. Denied. The Defendants are not challenging venue but deny any allegations of wrongdoing inferred by this paragraph.

## PARTIES

4. Denied. Defendants lack sufficient information to admit or deny Plaintiffs' factual averments in this paragraph, and therefore the Defendants deny those averments.

5. Denied. Defendants lack sufficient information to admit or deny Plaintiffs' factual averments in this paragraph, and therefore the Defendants deny those averments.

6. Denied. Defendants lack sufficient information to admit or deny Plaintiffs' factual averments in this paragraph, and therefore the Defendants deny those averments.

7. Denied. This paragraph contains legal conclusions, and at this time, Defendants lack sufficient information or evidence to admit or deny those conclusions. For this reason, Defendants deny the allegations in this paragraph.

8. Denied. This paragraph contains legal conclusions, and at this time, Defendants lack sufficient information or evidence to admit or deny those conclusions. For this reason, Defendants deny the allegations in this paragraph.

9. Admitted in part, denied in part. Defendant WSFS states that it is a federal savings bank incorporated in and with its home office in Delaware. All other allegations in this paragraph inconsistent with this statement is hereby denied.

10. Admitted. WSFS admits that it is a trustee for NYMT Loan Trust I, and WSFS, acting in its capacity as trustee, was the mortgagee for Plaintiffs' home loan prior to the loan being satisfied.

11. Admitted in part, denied in part. WSFS admits only that it is a trustee for NYMT Loan Trust I, but denies any allegation of wrongdoing implied by this paragraph.

12. Admitted in part, denied in part. Defendant Fay admits that it is a Delaware Limited Liability Company. Fay denies all other allegations contained in this paragraph.

13. Denied. This paragraph contains legal conclusions, and at this time, Defendants lack sufficient information or evidence to admit or deny those conclusions. For this reason, Defendants deny the allegations in this paragraph.

14. Denied. This paragraph does not contain any allegations regarding Defendants, and therefore, no response is required. To the extent any response is

deemed required, Defendants lack sufficient information to admit or deny the allegations in this paragraph.

15.   Denied.  This paragraph does not contain any allegations regarding Defendants, and therefore, no response is required. To the extent any response is deemed required, Defendants lack sufficient information to admit or deny the allegations in this paragraph.

## FACTUAL ALLEGATIONS

16.   Admitted.  Upon information and belief, the allegations are admitted.

17.   Admitted.  Upon information and belief, the allegations are admitted.

18.   Denied.  Defendants state that Plaintiffs were in-and-out of default for years prior to and after April 2017. Because the allegation herein is ambiguous, Defendants deny the allegation as stated.

19.   Denied. Defendants state that Bank of America, N.A. assigned the subject mortgage to Goldman Sachs Mortgage Company on June 19, 2019. The mortgage was later assigned to WSFS.

20.   Admitted.

21.   Admitted.

22.   Admitted.

23. Denied. This paragraph contains legal conclusions, and at this time, Defendants lack sufficient information or evidence to admit or deny those conclusions. For this reason, Defendants deny the allegations in this paragraph.

24. Denied. This paragraph contains legal conclusions, and at this time, Defendants lack sufficient information or evidence to admit or deny those conclusions. For this reason, Defendants deny the allegations in this paragraph.

25. Denied. Defendants lack sufficient information to admit or deny Plaintiffs' factual averments in this paragraph, and therefore the Defendants deny those averments.

26. Denied. Defendants lack sufficient information to admit or deny Plaintiffs' factual averments in this paragraph, and therefore the Defendants deny those averments.

27. Denied. Defendants lack sufficient information to admit or deny Plaintiffs' factual averments in this paragraph, and therefore the Defendants deny those averments.

28. Admitted in part, denied in part. Defendants admit that on June 15, 2021, Fay Servicing sent a payoff statement addressed to Plaintiffs regarding the subject loan that showed an amount due of $115,278.79, which was good to June 30, 2021. Defendants deny any allegation in this paragraph inconsistent with this admission.

29. Denied. Defendants lack sufficient information to admit or deny Plaintiffs' factual averments in this paragraph, and therefore the Defendants deny those averments.

30. Admitted in part, denied in part. Defendants admit only that a wire transfer was received on June 30, 2021, but that wire payment was insufficient to pay off the loan, and deny the remaining allegations.

31. Admitted. Defendants state that an agent from Fay Servicing, LLC contacted the attorney referenced in this paragraph on or about July 1, 2021 to inform her that the payoff received was insufficient.

32. Admitted in part, denied in part. Defendants state that the agent from Fay Servicing, LLC informed the attorney that the payoff amount was insufficient, and that interest would accrue per day that the total amount was not paid. The remainder of the allegations in this paragraph are denied.

33. Denied. Defendants lack sufficient information to admit or deny Plaintiffs' factual averments in this paragraph, and therefore the Defendants deny those averments.

34. Denied. Defendants lack sufficient information to admit or deny Plaintiffs' factual averments in this paragraph, and therefore the Defendants deny those averments.

35. Denied. Defendants lack sufficient information to admit or deny Plaintiffs' factual averments in this paragraph, and therefore the Defendants deny those averments.

36. Denied. Defendants lack sufficient information to admit or deny Plaintiffs' factual averments in this paragraph, and therefore the Defendants deny those averments.

37. Denied. Defendants lack sufficient information to admit or deny Plaintiffs' factual averments in this paragraph, and therefore the Defendants deny those averments.

38. Denied. Defendants lack sufficient information to admit or deny Plaintiffs' factual averments in this paragraph, and therefore the Defendants deny those averments.

39. Admitted. Defendants admit that the wire transfer referenced in this paragraph was rejected because it was insufficient to cover the total amount due on the loan.

40. Denied. At this time, Defendants lack sufficient information to admit or deny Plaintiffs' factual averments in this paragraph, and therefore the Defendants deny those averments.

41. Admitted in part, denied in part. Defendants admit that Fay attempted to contact the attorney in order to inform him that the funds received were insufficient, and deny the remaining allegations.

42. Denied. Defendants lack sufficient information to admit or deny Plaintiffs' factual averments in this paragraph, and therefore the Defendants deny those averments.

43. Denied. Defendants lack sufficient information to admit or deny Plaintiffs' factual averments in this paragraph, and therefore the Defendants deny those averments.

44. Admitted in part, denied in part. Defendants admit that a representative from Fay informed an individual at ARM Lawyers that the amount received from Gateway Abstract was insufficient. Defendants lack sufficient information to admit or deny Plaintiffs' factual averments in this paragraph, and therefore the Defendants deny those averments.

45. Denied. At this time, Defendants lack sufficient information to admit or deny Plaintiffs' factual averments in this paragraph, and therefore the Defendants deny those averments.

46. Denied. At this time, Defendants lack sufficient information to admit or deny Plaintiffs' factual averments in this paragraph, and therefore the Defendants deny those averments.

47. Denied. At this time, Defendants lack sufficient information to admit or deny Plaintiffs' factual averments in this paragraph, and therefore the Defendants deny those averments.

48. Denied. At this time, Defendants lack sufficient information to admit or deny Plaintiffs' factual averments in this paragraph, and therefore the Defendants deny those averments.

49. Admitted.

50. Admitted.

51. Admitted.

52. Admitted in part, denied in part. Defendants admit that the information in this paragraph was not included in the referenced complaint, however, Defendants deny that such information was necessary to that pleading and deny that the lack of inclusion of that information implies any wrongdoing by Defendants.

53. Admitted in part, denied in part. Defendants admit only that they informed ARM Lawyers that the amounts received were insufficient to pay the debt in full, and deny the remaining allegations.

54. Admitted.

55. Denied. Defendants state that the date on the referenced documents speak for themselves.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied. Defendants deny any allegation of wrongdoing that can be implied by this paragraph.

61. Denied. Defendants lack sufficient information to admit or deny Plaintiffs' factual averments in this paragraph, and therefore the Defendants deny those averments.

62. Denied. Defendants lack sufficient information to admit or deny Plaintiffs' factual averments in this paragraph, and therefore the Defendants deny those averments.

63. Denied. Defendants lack sufficient information to admit or deny Plaintiffs' factual averments in this paragraph, and therefore the Defendants deny those averments.

64. Denied. At this time, Defendants lack sufficient information to admit or deny Plaintiffs' factual averments in this paragraph, and therefore the Defendants deny those averments.

65. Admitted in part, denied in part. Defendants admit that on or around August 7, 2021, they elected to accept the short payoff and satisfy the mortgage. As to any other allegations in this paragraph, at this time, Defendants lack sufficient

information to admit or deny Plaintiffs' factual averments in this paragraph, and therefore the Defendants deny those averments.

66. Admitted. Defendants admit that the foreclosure complaint was withdrawn on August 20, 2021 – just 13 days after Defendants elected to accept the short funds to satisfy the mortgage obligation.

67. Admitted. Defendants admit that the publicly recorded document speaks for itself.

68. Defendants lack sufficient information to admit or deny Plaintiffs' factual averments in this paragraph, and therefore the Defendants deny those averments.

69. Denied.

70. Denied.

**Count I: Violations of Truth in Lending Act 15 U.S.C. § 1639g**

71. Defendants incorporate their previous responses by reference as if fully set forth herein.

72. Denied. Defendants state that this paragraph contains no allegation against Defendants and consists solely of a legal conclusion and interpretation of the law.

73. Denied. This paragraph contains legal conclusions, and at this time, Defendants lack sufficient information or evidence to admit or deny those conclusions. For this reason, Defendants deny the allegations in this paragraph.

74. Denied. This paragraph contains legal conclusions, and at this time, Defendants lack sufficient information or evidence to admit or deny those conclusions. For this reason, Defendants deny the allegations in this paragraph.

75. Admitted.

76. Denied. This paragraph contains legal conclusions, and at this time, Defendants lack sufficient information or evidence to admit or deny those conclusions. For this reason, Defendants deny the allegations in this paragraph.

77. Denied.

78. Denied.

79. Denied. This paragraph contains legal conclusions, and at this time, Defendants lack sufficient information or evidence to admit or deny those conclusions. For this reason, Defendants deny the allegations in this paragraph.

80. Denied.

WHEREFORE, it is denied that Plaintiffs are entitled to any of the relief stated in the *ad damnum* clause, whereby Defendants, Fay and WSFS, respectfully request that this Honorable Court enter judgment in their favor and against Plaintiffs, James J. Simmons and Keisha S. Simmons.

## Count II: Violations of the Fair Debt Collection Practices Act
## 15 U.S.C. § 1692 et seq.

81. Defendants incorporate their previous responses by reference as if fully set forth herein.

82. Denied. Defendants state that this paragraph contains no allegation against Defendants and consists solely of a legal conclusion and interpretation of the law.

83. Denied. Defendants deny this paragraph and sub-paragraphs (a) through (d) that follow paragraph 83.

84. Denied. Defendants state that this paragraph contains no allegation against Defendants and consists solely of a legal conclusion and interpretation of the law.

85. Denied. Defendants deny this paragraph and sub-paragraphs (a) through (b) that follow paragraph 85.

86. Denied. Defendants state that this paragraph contains no allegation against Defendants and consists solely of a legal conclusion and interpretation of the law.

87. Denied.

88. Denied. Defendants state that this paragraph contains no allegation against Defendants and consists solely of a legal conclusion and interpretation of the law.

89. Denied.

90. Denied.  Defendants state that this paragraph contains no allegation against Defendants and consists solely of a legal conclusion and interpretation of the law.

91. Denied.  Defendants deny this paragraph and sub-paragraphs (a) through (f) that follow paragraph 91.

92. Denied.

93. Denied.

94. Denied.  Defendants deny that Plaintiffs are entitled to any of the relief listed in this paragraph and said allegations are denied.

WHEREFORE, Defendants, Fay and WSFS, respectfully request that this Honorable Court enter judgment in their favor and against Plaintiffs, James J. Simmons and Keisha S. Simmons.

## Count III: Breach of Contract

95. Defendants incorporate their previous responses by reference as if fully set forth herein.

96. Admitted.

97. Denied.  This paragraph contains legal conclusions, and at this time, Defendants lack sufficient information or evidence to admit or deny those conclusions. For this reason, Defendants deny the allegations in this paragraph.

14

98. Denied. This paragraph contains legal conclusions, and at this time, Defendants lack sufficient information or evidence to admit or deny those conclusions. For this reason, Defendants deny the allegations in this paragraph.

99. Denied.

100. Defendants state that the publicly recorded document speaks for itself.

101. Defendants admit that a mortgage release was executed on September 16, 2021.

102. Denied.

103. Denied. Defendants deny that Plaintiffs are entitled to the relief listed in this paragraph and said allegations are denied.

WHEREFORE, Defendants, Fay and WSFS, respectfully request that this Honorable Court enter judgment in their favor and against Plaintiffs, James J. Simmons and Keisha S. Simmons.

## Count IV: Slander of Title

104. Defendants incorporate their previous responses by reference as if fully set forth herein.

105. Admitted. Defendants admit that a mortgage release was executed on September 16, 2021, after Defendants elected to accept the short payoff.

106. Denied.

107. Denied. Defendants lack sufficient information to admit or deny Plaintiffs' factual averments in this paragraph, and therefore the Defendants deny those averments.

108. Admitted in part, denied in part. Defendants admit that a filed Complaint is a public record, however, Defendants deny any wrongdoing implied by this paragraph.

109. Denied. Defendants deny any wrongdoing implied by this paragraph.

110. Denied.

WHEREFORE, it is denied that Plaintiffs are entitled to any of the relief stated in the *ad damnum* clause, whereby Defendants, Fay and WSFS, respectfully request that this Honorable Court enter judgment in their favor and against Plaintiffs, James J. Simmons and Keisha S. Simmons.

## **Count V: Wrongful Use of Civil Proceedings 42 Pa.C.S. § 8351**

111. Defendants incorporate their previous responses by reference as if fully set forth herein.

112. Denied. Defendants state that this paragraph and sub-paragraphs (a) through (b) contain no allegation against Defendants and consist solely of a legal conclusion and interpretation of the law.

113. Denied as stated.

114. Denied. This paragraph contains legal conclusions, and at this time, Defendants lack sufficient information or evidence to admit or deny those conclusions. For this reason, Defendants deny the allegations in this paragraph.

115. Denied. This paragraph contains legal conclusions, and at this time, Defendants lack sufficient information or evidence to admit or deny those conclusions. For this reason, Defendants deny the allegations in this paragraph.

116. Denied.

117. Denied.

118. Denied.

119. Denied.

120. Denied.

121. Admitted in part, denied in part. Defendants admit that the foreclosure complaint was withdrawn, but deny all other allegations in this paragraph.

WHEREFORE, Defendants, Fay and WSFS, respectfully request that this Honorable Court enter judgment in their favor and against Plaintiffs, James J. Simmons and Keisha S. Simmons.

## **AFFIRMATIVE AND OTHER DEFENSES**

### **FIRST AFFIRMATIVE DEFENSE**

Some or all of Plaintiffs' allegations fail to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs lack standing to assert one or more of his claims.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by their failure to do equity and by the doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs have suffered any damages, such damages were caused by, and are the responsibility of persons, parties, and/or entities other than Defendants.

## FIFTH AFFIRMATIVE DEFENSE

Defendants deny that any of Plaintiffs' alleged damages were proximately caused by Defendants.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate their damages.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants plead the defenses of laches, acquiescence, ratification, statute of frauds, repose, res judicata, release, waiver, illegality, fraud, accord and satisfaction, parol evidence, payment, judicial estoppel, and collateral estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants plead the doctrines of setoff and recoupment.

## NINTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims are barred by the applicable statutes of limitations.

## TENTH AFFIRMATIVE DEFENSE

Defendants deny that they are guilty of any conduct entitling Plaintiffs to recover punitive damages.

WHEREFORE, Defendants, Fay and WSFS, respectfully request that this Honorable Court enter judgment in their favor and against Plaintiffs, James J. Simmons and Keisha S. Simmons.

Respectfully submitted,

**EASTBURN AND GRAY, P.C.**

Dated: January 28, 2022     By: _/s/ Grace M. Deon_
                                Grace M. Deon
                                Attorneys for Defendants
                                Fay Servicing, LLC and Wilmington
                                Savings Fund Society, FSB
                                60 East Court Street, P.O. Box 1389
                                Doylestown, PA  18901
                                Phone:  (215) 345-7000
                                Facsimile:  (215) 345-9142
                                gdeon@eastburngray.com